# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **8:05CR131** |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **JESUS PADILLA,** | ) | |
| **PABLO REZA LANDIN,** | ) | |
| **RAUL JIMINEZ,** | ) | |
| **BENJAMIN SUKUP,** | ) | |
| **MOLLIE MOLER and** | ) | |
| **SCOTT D. FREESE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

A pretrial conference pursuant to Fed. R. Crim. P. 17.1 was held in Courtroom No. 7, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, on April 27, 2005. At the conference, the defendants were represented as follows:

| Defendant | Counsel[1] |
|---|---|
| Jesus Padilla | Donald L. Schense (CJA) |
| Pablo Reza Landin | Michael T. Levy (CJA) |
| Raul Jiminez | Wesley S. Dodge (CJA) |
| Benjamin Sukup | Adam J. Sipple for Clarence E. Mock, III (Retained) |
| Mollie Moler | Susan M. Bazis (CJA) (by telephone conference) |
| Scott D. Freese | James K. McGough (Retained) |

The government was represented by Assistant U.S. Attorney Joe W. Stecher.

The conference was held to resolve some discovery issues, to schedule dates for the filing of various motions, and to fix a trial date. This case involves an indictment wherein it is alleged a conspiracy to distribute methamphetamine is alleged to have occurred during a period of January 1, 2003 to March 24, 2005 (Filing No. 1). The government has provided all counsel with the items set forth in the April 11, 2005 letter from the United States Attorney to all counsel (Conference Exhibit 1).

---

[1] (CJA) refers to counsel being appointed under the Criminal Justice Act, 18 U.S.C. § 3006A. A request for interim CJA payments under the CJA will be forwarded to the Chief Judge of the Eighth Circuit.

After a discussion of the present state of the discovery, the following schedule is established.

**IT IS ORDERED:**

1. **On or before May 20, 2005**, the defendants shall accomplish all discovery as contemplated by Fed. R. Crim. P. 16 (b) and shall have a continuing duty to disclose such evidence pursuant to Fed. R. Crim. P. 16 (c).

2. **On or before June 30, 2005,** the government shall file a notice of the intercepted communications and visual images the government intends to introduce in evidence in its case in chief. Copies of the transcripts of such intercepted communications shall be served simultaneously on counsel for the defendants.

3. **On or before June 30, 2005**, the government shall file a statement as to the entry and exit dates of the defendant conspirators.

4. Any motion relating to discovery matters or for a bill of particulars shall be filed **on or before July 15, 2005**. The government shall have **to on or before July 29, 2005**, in which to file a responsive omnibus brief on all such motions then pending.

5. Any of the following motions shall be filed **on or before August 1, 2005:**

    a. Any motion related to the conduct of the grand jury proceedings;

    b. Any motion based on defects in the institution of the prosecution; and

    c. Any motion based on defects in the indictment.

The government shall have until **on or before August 15, 2005,** in which to file a responsive brief on all such motions then pending.

6. Any notice of an insanity defense under Fed. R. Crim. P. 12.2 shall be filed **on or before August 19, 2005**.

7. All other pretrial motions, including motions to suppress evidence, shall be filed **on or before August 22, 2005**. Defendants **may not** adopt other defendants' motions or briefs simply by filing a motion of adoption. Defendants may join other defendants' motions and briefs but such motions and briefs must so indicate. The government's responsive briefs shall be filed **on or before September 12, 2005.**

10.     All counsel shall reserve on their calendars time for an omnibus evidentiary hearing in Courtroom No. 7, Second Floor, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, **on September 27-29, 2005,** for motions then pending.

11.     The court finds that this case is unusual and complex due to the number of defendants, the nature of the prosecution, and the existence of novel questions of law and fact. For these reasons it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, and the continuances requested by counsel for defendants serve the ends of justice and outweigh the interests of the public and defendants in a speedy trial.  **See**, 18 U.S.C. § 3161(h)(8)(A) & (B). As a result, time is **excluded from April 27, 2005 through and including August 22, 2005.**

DATED this 2nd day of May, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge